## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**A.J. DAVIES (#85818)**                                                          **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**                                      **NO. 17-0280-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 31, 2017

                                                                **ERIN WILDER-DOOMES**
                                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

A.J. DAVIES (#85818)                                          CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                         NO. 17-0280-BAJ-EWD

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, a prisoner confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, the LSP Medical Staff, LSP Warden Darryl Vannoy, the University Medical Center in New Orleans, Louisiana ("UMCNO"), and unknown physicians at UMCNO who allegedly performed surgery on him.  Plaintiff alleges that on an unstated date, he was transported from LSP to UMCNO for the purpose of having tissue samples taken from his penis.  He complains, however, that when he awoke from the procedure, he discovered that "¾ of [his] penis had been cut off." Plaintiff complains that he never provided consent for the referenced procedure and that "[t]here is no waiver form showing [he] gave the Medical Center doctors (or) anyone else permission to amputate nearly all of [his] penis."  Plaintiff further asserts, as to the LSP Defendants, that they are "covering for the hospital's violating [his] rights."

Under the provisions of 28 U.S.C. § 1391(b)(1) and (2), a civil action may generally be brought in a judicial district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.  Further, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a case filed in a Court of improper or inconvenient venue may be transferred, in the interest of justice and for the convenience of the parties and witnesses, to a district in which it

could have been brought. In the instant case, although Plaintiff is currently confined in the Middle District of Louisiana, he complains regarding an event that apparently occurred in the Eastern District. Inasmuch as the principal Defendants and witnesses related to Plaintiff's claims are located in the Eastern District, the Court believes that it is in the interest of justice to transfer this case to the Eastern District of Louisiana where the evidence and witnesses will more likely be easily located and produced.[1]

### RECOMMENDATION

It is recommended that this matter be transferred to the Eastern District of Louisiana for further proceedings.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Although Plaintiff purportedly includes in his Complaint a claim asserted against prison officials residing in the Middle District of Louisiana, it is clear that his principal complaint is regarding the determination allegedly made by UMCNO medical personnel to undertake a surgical procedure to which he allegedly did not consent.